IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV335-03-MU

|  |  |  |
|---|---|---|
| ARNOLD LORENZO PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ALAN CLONINGER, et. al. | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 8, 2006. (Document No. 1. )

Plaintiff, a federal inmate, alleges that on or about September 27, 2005 he was transferred from U.S.P. Allenwood to the Gaston County Jail in connection with a federal lawsuit.[1] On October 19, 2005 Plaintiff claims that after dinner was served, Officer Rush and other officers approached his cell and commanded Plaintiff to step out of the cell. Officer Rush then grabbed Plaintiff's wrist

---

[1] The Court that it is well acquainted with Plaintiff and notes that Plaintiff was being housed in Gaston County due to a scheduled trial before this Court on Plaintiff's excessive force claim against Mecklenburg County (See 3:00cv535.)  Because Mecklenburg County was the Defendant in that lawsuit, Plaintiff could not be housed in Mecklenburg County.  Gaston County agreed to house Plaintiff, a federal inmate, while in Charlotte for his trial.  Plaintiff's case settled and Plaintiff was awarded damages.  While the settlement documents were being prepared, this Court was contacted by the United States Marshall's Service who was responsible for transporting Plaintiff and arranging for his housing while in Charlotte.  The Marshall's Service explained to this Court that officials from the Gaston County Jail had contacted them and explained that Plaintiff had become very difficult while in Gaston County custody and that Plaintiff had been excessively complaining that because he was a federal inmate he was entitled to special treatment while in county custody and if he did not receive it he was threatening the sue the jail employees during his stay.  Gaston County was aware that Plaintiff's case had settled and asked the Marshall's service to inquire with this Court how soon Plaintiff could be transported back to U.S.P. Allenwood in Pennsylvannia.

and forcefully slammed him against the wall causing Plaintiff pain. While Officer Rush was using force against Plaintiff, Officer Shed stood by and did nothing to stop Officer Rush. Officer Rush then put handcuffs on Plaintiff and escorted him to the restraining area along with Officer Shed. During the walk from Plaintiff's cell to the restraining area, Officer Rush was shouting at Plaintiff and using profanity and pushed Plaintiff against the wall and ordered him to stop resisting. Plaintiff contends he was not resisting Officer Rush at any time. Officer Shed merely told Plaintiff to calm down, but never intervened or tried to stop Officer Rush from using force against Plaintiff. Once Plaintiff reached the restraining area and was seated, Plaintiff alleges that Officer Rush and Officer Shed, "snatch[ed] grab[ed] and twist[ed] [Plaintiff's] wrist and fingers." (Complaint at 8.) Corporal Lail, Sergeant Doby, Officer Morris and Officer John Doe then all "rushed the restraint chair and joined in on the assault by applying pressure point tactics and maneuvers . . ." (Complaint at 8.) The Officers pushed Plaintiff's head between his legs making it difficult to breath. Something snapped in Plaintiff's back causing him pain.

     Plaintiff also alleges that Nurse (Jane Doe) came to check the tightness of his handcuffs. When Plaintiff informed her about the "assault" and explained that he was in pain, she refused to provide Plaintiff any medical treatment. After three hours, Plaintiff was taken back to his cell. Two days later, Plaintiff was provided medical attention for his back pain.

     In his Complaint Plaintiff named eight defendants. Six of the defendants are specifically named and two are given the names John and Jane Doe. The first named Defendant, Alan Cloninger, is the Sheriff of Gaston County and the remaining defendants are all employed at the Gaston County Jail. Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

# I. ANALYSIS

**1. There are no factual allegations related to Defendants Alan Cloninger**

Plaintiff has alleged two causes of action in his Complaint. First, he claims that the Defendants used excessive force against him. Next, he alleges that the defendants showed deliberate indifference to his medical needs by failing to treat his injuries following his assault.

Plaintiff does not allege that Defendant Alan Cloninger was involved in or had knowledge of the assault against him by Defendants Rush, Shed, Doby, Lail, and Doe. In fact, Defendant Cloninger was never mentioned in Plaintiff's Complaint except in the caption. Because Plaintiff does not specifically allege that Defendant Cloninger was in any way involved in the assault against him, or knew about the assault, by Defendants Rush, Shed, Doby, Lail, and Doe, there is no valid cause of action against him and he is dismissed from the case.[2]

**2. Plaintiff Has Not Stated An Excessive Force Claim**

Plaintiff alleges that Defendants Rush, Shed, Doby, Lail, and Doe used excessive against him. When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In addition, a plaintiff alleging an excessive force claim

---

[2] The claims against Defendant Alan Cloninger therefore can only be construed as claims under a theory of supervisory liability. As an initial matter, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr. Cloninger instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Mr. Cloninger. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Defendant Cloninger is dismissed from this case.

is also required to allege something more than a de minimus injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Plaintiff claims that he suffered pain during the "assault" by Defendants and as a result of the "assault" experienced back pain. While Plaintiff contends that Nurse Jane Doe initially refused medical attention immediately following the "assault", he does state that he sought and received medical attention two days following the assault but does not allege any specific injury nor explain what if anything was done to alleviate his back pain. Taking all of Plaintiff's allegations as true, the "assault" he describes in his Complaint does not rise to the level of a Constitutional claim because he does not allege anything more than a de minimus injury as is required. Therefore Defendants Rush, Shed, Morris, Lail, Doby and John Doe are dismissed.[3]

**3. Plaintiff has Not Stated A Deliberate Indifference Claim**

Plaintiff contends that following the "assault" Defendant Nurse Jane Doe came in to check the tightness of his handcuffs. Plaintiff contends that he told her he was in pain as a result of the assault and she refused to treat him. Plaintiff contends that two days later he was taken to the medical unit for his back pain, but does not specify what, if any, treatment he received at that time.

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held

---

[3] The Court has reviewed the grievance Plaintiff filed related to the alleged assault and notes that Plaintiff only included Defendant Rush and Doby in his grievance. With respect to Defendant Doby, Plaintiff alleged only that he need to see a nurse, but not that Defendant Doby participated in the assault. Therefore, it appears that Plaintiff has not exhausted his administrative remedies as to Defendants Doby, Shed, Morris, Lail and John Doe. See Grievance, attached to Plaintiff's Complaint as Ex. A.)

liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998).

Here, while Plaintiff contends that he told the nurse of the assault and his subsequent pain, there is no evidence to suggest that Nurse Doe had reason to know that Plaintiff's pain was a serious medical need. Nurse Doe's failure to examine Plaintiff in the restraining area when he complained of pain, amounts to negligence at most. Negligence in the context of a medical claim is simply not sufficient to state a claim for relief. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Furthermore, given that Plaintiff sought medical treatment two days later for his back pain, but includes no information as to what if anything was done for his pain lends credence to the conclusion that his injury was de minimus at most. Plaintiff has failed to state a claim for relief as to Defendant Nurse Jane Doe and she is therefore dismissed.[4]

---

[4] Additionally, the Court has reviewed Plaintiff's grievance filed as an exhibit to his Complaint and notes that Nurse Jane Doe's failure to provide medical care after his alleged assault is not included in such grievance. As such, it appears that Plaintiff did not exhaust his administrative remedies with respect to his deliberate indifference claim against Defendant Nurse Jane Doe. See Grievance attached to Plaintiff's Complaint as Ex. A.)

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**.

Signed: August 10, 2006

Graham C. Mullen
United States District Judge